IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FIFTH THIRD BANK,
an Ohio banking corporation,

      Plaintiff,

v.              CIVIL ACTION NO. 3:09-1309

APOSTOLIC LIFE CATHEDRAL, A
NON-PROFIT CORPORATION, a/k/a
The Staunton Street Apostolic Church,
a/k/a The Pentecostal Church of God,
a/k/a The Apostolic Church, a/k/a Life
Cathedral, a West Virginia nonprofit
corporation, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This is a loan contract case, in which the plaintiff Fifth Third Bank ("Fifth Third") seeks to recover on a promissory note executed by the Apostolic Life Church and its then-current trustees ("the Church Defendants"), on May 23, 2001, as renewed, most recently, on February 22, 2009 ("the Note"). Pending before the Court are Fifth Third's motion to strike, or alternatively to dismiss, or for a more definite statement (Doc. 39) and the Church Defendants' motion to dismiss cross-claim (Doc. 42). Each motion is filed in response and opposition to the "Answer to Complaint & Cross Claim & Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" (Doc. 35), filed by Mark-Shannon Manuel, a non-Church defendant, on February 19, 2010. For the reasons stated below, each motion is **GRANTED** and Mr. Manuel's counter and cross-claims are **DISMISSED.**

**Background**

Plaintiff's complaint, which was filed on December 7, 2009, alleges, in pertinent part, that the Church Defendants have defaulted on their obligations under the Note and that Mr. Manuel has contributed to such default by engaging in fraudulent and otherwise unlawful conduct. *See* Doc. 1. In response to the complaint, the Church Defendants filed an answer and counter claim, on January 15, 2010, *see* Doc. 26, which Fifth Third then answered, on February 1, 2010. *See* Doc. 34. On February 19, 2010, Mr. Manuel filed the "Answer to Complaint & Cross Claim & Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim," which serves as the subject of the pending motions to strike, dismiss, or for a more definite statement. *See* Doc. 35.

In their pending motions, Fifth Third and the Church Defendants seek, in relevant part, to dismiss the counter and cross-claims asserted in Mr. Manuel's filing, pursuant to Rule 12(b)(6), on the grounds that Mr. Manuel's claims fail to state a claim upon which relief can be granted, because the claims have no legitimate or comprehensible factual basis and lack any grounding in existing law. *See generally* Docs. 39, 40, 42 and 43.

On February 19, 2010, the Court ordered Mr. Manuel's "Answer to Complaint & Cross Claim & Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" to be treated as: (1) an answer to claims made by existing, named parties in this action, and (2) counter and cross-claims against such parties. *See* Doc. 37. All other alleged counter and cross-claims raised by the filing were stricken from the record, *id.*, and the document was ordered stricken insofar as it purported to answer on behalf of the corporate defendant, Digigreeters, LLC. *See* Doc. 38.

On April 9, 2010, in an abundance of caution, and in light of the fact that Mr. Manuel is proceeding pro se, the Court entered an Order, informing the pro se claimant of his right to respond

to the motions filed by Fifth Third and the Church Defendants, on or before April 16, 2010. *See* Doc. 48.

On April 19, 2010, the Court received a package of documents, sent on behalf of Mr. Manuel, by Brian Gary, a notary from Davidson County, Tennessee. The packaged contained several written items, including: an "Affidavit of Notary Presentment and Notary Certificate of Mailing," signed by Mr. Gary; a letter from Mr. Manuel to the Hon. Robert C. Chambers (marked private); a request that the Court take judicial notice of various documents, and of the information contained therein; and the documents for which judicial notice is requested. In his letter, dated April 15, 2010, Mr. Manuel instructs the Court that he is responding, at least in part, to the April 9, 2010 Order. Additionally, Mr. Manuel asserts: (1) that he believes the Court cannot properly assert jurisdiction over his person; (2) that civil action 3:09-cv-1309 has been closed, "by agreement of the parties;" and (3) that the letter and attached materials provided to the Court, on behalf of Mr. Manuel, are private communications, not for public dissemination.

The Court will first address Mr. Manuel's April 15, 2010, letter. Subsequently, it will resolve Fifth Third and the Church Defendants' pending motions.

**The April 15, 2010 Letter**

Unless a party has properly moved to seal a pleading or filing, and in the absence of a justifiable reason for an ex parte exchange, a party cannot communicate with the Court confidentially. Moreover, as Mr. Manuel is proceeding pro se, he is responsible for and required to comply with the Local Rules of Procedure for the United States District Court for the Southern District of West Virginia and the Federal Rules of Civil Procedure, when filing papers with and/or appearing before this Court. In light of these Rules, and in accord with the prohibition against

3

private communication, the Court **ORDERS** the documents received from Mr. Manuel **FILED,** with an effective filing date of April 19, 2010.

Notwithstanding Mr. Manuel's assertions, the filing of these documents does not, however, conclude this matter. Mr. Manuel's letter repeatedly states, in various forms, that the "notice is expressly intended to provide official documentation of the administrative judgment by agreement of the parties, and the closure of Civil Case #3:09-1309." Yet, at no point in the letter, or in the attached documents, does Mr. Manuel address Fifth Third or the Church Defendants' arguments that he lacks a legitimate or comprehensible factual basis or any legal grounding to state a counter or cross-claim upon which relief can be granted. Moreover, nowhere in the filing does Mr. Manuel address the claims between Fifth Third and the Church Defendants, or those raised against Mr. Manuel himself. To the contrary, Mr. Manuel's April 19, 2010, submission does nothing more than continue his exasperating practice of filing psuedo-legal gibberish, neither recognized nor authorized by this Court, by the Federal Rules of Civil Procedure or by the Local Rules. This is despite the fact that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Consequently, the Court **FINDS** Mr. Manuel's most recent filing unresponsive to the pending motions and **ORDERS** the documents **STRICKEN** from the record. The Court **RULES** on the pending motions, accordingly.

**Pending Motions to Strike, or alternatively to Dismiss, or For a More Definite Statement**

Fifth Third filed its motion to strike, or alternatively to dismiss, or for a more definite statement on March 3, 2010 (Doc. 39). The Church Defendants filed their motion to dismiss that same day (Doc. 42). Both motions will be treated as motions to dismiss pursuant to Rule 12(b)(6). Therefore, because the issues raised by the motions are identical, they will be resolved

simultaneously.

## Standard of Review

"To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)) (internal quotations omitted). "While a [claim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) ("[T]he Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

When considering a motion to dismiss, a court "accepts as true all well-plead allegations and views the [claim] in the light most favorable to the [claimant]." *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Additionally, the court "may consider documents attached to the [claim] as well as those attached to the motion to dismiss, so long as they are integral to the [claim] and authentic." *Trimble*, 484 F.3d at 705.

## Analysis

The counter and cross-claims asserted in Mr. Manuel's "Answer to Complaint & Cross Claim & Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" fail to satisfy the standard articulated above. To begin with, in the portion of the document entitled

"Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" Mr. Manuel repeatedly demands that the "Third Party Defendants" "produce Lawful Proof of Claim, to prove by record or evidence," what – it appears – he deems to be the claims against him. Mr. Manuel asserts that failure to produce this "lawful Proof of Claim" or other evidence will amount "[t]o Dishonor in commerce, Theft, Fraud, Conspiracy, and Racketeering."[1] Accordingly, in a section entitled "Counterclaim," Mr. Manuel seeks one million dollars in damages, "per count Per Third Party Defendant," for each count of: "Dishonor in Commerce," "Fraud," "Racketeering," and "Theft of Public Funds." Inexplicably, Mr. Manuel also seeks one million dollars in damages, "per count Per Third Party Defendant," for: "Failure to state a claim upon which relief can be granted," "Failure to respond as outlined [in his filing]," and "Default by non response or incomplete response."

Reviewing Mr. Manuel's filing under the standard articulated above, and construing the submission liberally, as is required for pro se filings, the Court **FINDS** that dismissal is required. Dismissal is necessary, because the so-called counter and cross-claims contained in the "Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" section of Mr. Manuel's "Answer to Complaint & Cross Claim & Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" are wholly devoid of any factual basis. Similarly, the monetary demands made in the "Counterclaim" section of the filing are wholly unsupported. To the contrary, these so-called claims and demands consist, in their entirety, of conclusory statements merely coupled with quasi-legal labels. As a result, the Court **FINDS** that Mr. Manuel's "Answer to Complaint & Cross Claim & Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" lacks

---

[1] The "Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" portion of the filing consists of twenty-eight numbered sections in which, "By the Count," Mr. Manuel claims the above, or some version of this claim.

sufficient factual matter, when accepted as true, to state claims for relief that are plausible on their face. *See Iqbal*, 129 S.Ct at 1940 ("[T]he tenet that a court must accept a [claimant's] allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). Accordingly, Fifth Third and the Church Defendants' motions are **GRANTED** and Mr. Manuel's claims are **DISMISSED.**

In light of the extended opportunity the Court provided for Mr. Manuel to respond to said motions, the Court **FINDS** that dismissal is not only appropriate, but abundantly fair. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 22, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE